FIEBD, P.,
delivered the opinion of the court:
The appeal in this case brings up the record of the injunction case of Johns Hopkins, surviving partner of J. Hopkins & Brother against Henry Berry, as administrator of Baker Tapscott, and as administrator de bonis non, with the will annexed, of John Baker, deceased. The cases of the Washington Bank v. Engle’s adm’r, of *Wm. L. Baker v. J. Hopkins & Brother, and the case of Tapscott’s adm’r v. Hopkins & Brother, on a cross-bill, are not before us. The records of the two cases last mentioned appear to have been copied in the record- of this case, but no appeal has been taken from the decree made in either of those three cases. In the two cases last mentioned, the bills were dismissed by a decree of the court, made on the 20th February, 1845; and, on the same day, a decree was made in the case of Bank v. Engle’s adm’r, &c., by which the commissioners were directed to pay the debt due from Engle’s estate, on account of the land purchased by Engle of Baker Tapscott, executor of John Baker, over to Henry Berry, the administrator de bonis non, with the will annexed, of John Baker, decea'sed. Hopkins & Brother then filed a bill of review to correct what they supposed were errors to their prejudice, in the order of the 20th February, 1845. The bill of review was dismissed on its hearing, which was right and proper, because Hopkins & Brother were not parties to the suit of the *691 Bank v. Engle’s adm’r, and had consequently no right to have the order made in that case reversed ; and for the same reason they had no right to appeal from that decision. They had no right to file a bill of review, in respect to the other two cases, because the bills having been dismissed, the decrees were decrees in their favor; and for the same reason, they had no cause to take appeal from the decree in either of the cases. It is true that the court in the case of the Bank v. Engle’s adm’r, in which Hopkins & Brothers were not parties, expressed the opinion that the transfer of the bonds from Baker Tapscott to Hopkins & Brother was usurious; yet in the two other cases, in which they were parties, no such opinion had been expressed by the court, and the effect of the decree, dismissing the bill in those cases, was to sustain the validity of the transfer, notwithstanding the imputation of usury. After the decree of the 20th of February, 1845, in the case of the Bank v. Engle’s adm’r, had been made, Johns Hopkins, on behalf of ^Hopkins & Brother, filed his bill of injunction, setting up his claim to the bonds due from Engle’s estate to Baker’s estate, under the transfer made by Baker Tapscott to Hopkins & Brother, by virtue of the agreement of the 17th October, 1835, calling upon the court to restrain the commissioners from paying over the money to Henry Berry, administrator de bonis non of John Baker, under the decree of the 20th February, 1845. The injunction was granted. Berry, the defendant, demurred to the bill, and answered it also. He neither admitted nor denied that the funds had been transferred as alleged in the bill. He said, that when the alleged transfer was made by Baker Tapscott, he was indebted to his brother’s estate on the executorship account, and that there were sundry debts of large amount then and yet outstanding against John Baker’s estate. These bonds were payable to Baker Tapscott, executor of John Baker, dec’d, and so expressed on their face, and •were held by Tapscott as trustee for the estate of his testator. Under these circumstances, the defendant, in his answer, said and contended, that Baker Tapscott had no right to apply the bonds to his own use, and charged that the fact was known to Hopkins & Brother at the time. He referred in his answer to the agreement of the 17th October, 1835, and charged that it was usurious on its face. Upon the hearing of this cause, the court dissolved the injunction and dismissed the bill; and it is from this decree that the appeal has been taken.
It appears from the record that in September, 1835, Mrs. Baker and her son Samuel D. Baker had executed a paper, authorizing a transfer of the bonds to be made by Baker Tapscott. The plaintiff claimed, by virtue of this paper, a right under the transfer to three shares at least of the fund, and to Baker Tapscott’s share, by virtue of his marital rights. But as those persons were not parties to the suit, it was not proper to determine how far that paper could operate to devest them (Mrs. Baker and Samuel D. Baker) of their rights. *The grounds on which the injunction was dissolved and bill dismissed do not distinctly appear. But as the court had on a former occasion, in a suit in which the plaintiff was not a party, expressed the opinion that the transfer of the bonds was usurious, as the case at that time, for the want of the proper parties, was not in a condition to be decided on any other ground, the inference is that it was dissolved on the defence of usury. It has, however, been earnestly insisted upon by the ap-pellees’ counsel, that the injunction should have been dissolved and bill dismissed, because the questions raised by the bill of injunction had already been decided against the plaintiff in the former suits, and that the decision was, until it was reversed on appeal, final and conclusive upon the plaintiff, and suggested that the only remedy, if any- existed at all, was by appeaJ. From what was it that the plaintiff ever had a right to appeal? The cases of William L. Baker against him, and of Baker’s administrator against him and others, on cross-bill, had been dissolved, and were of course decided in his favor. He could not be expected to appeal from the decision made in either of these cases. As to the decree made in the case of the Bank v. Engle’s administrator, he was not a party in the suit, and could not of course appeal in that case; nor could he have appealed successfully from the decision on the bill of review. Then in what case was it that he could have appealed?
But it is said that the decree, declaring the transfer of the bonds to be usurious, should be regarded as having been made in one of the suits that was dismissed. To know what should be regarded as having been decided in any suit, is to be found out by looking at the record of that suit itself. And unless on inspection of the record we find the decree there, we must conclude that it had not been made in the suit. If we look at the record of the two suits, in which the bills were dismissed, we shall find no opinion or decree declaring the transfer of the bonds to be usurious. And the court *itself, in the opinion delivered in the case of the bill of review, says 1 ‘that was certainly error in the final decree, in deciding the questions of usury, when in truth the parties between whom that question could properly arise, were turned out of court.” And adds: “This, however, is not an error of which Hopkins & Bros, can complain, for the reason that they are not bound by it.” Why, I say, were they not bound by it? It was because they were not parties to the case of The Bank v. Engle’s administrator, in which that opinion had been expressed. But suppose they could have appealed from the decree which the court rendered in that case, what would have been the inevitable result? That was a suit brought by the creditors of *692 Engle, to recover the amount of their debts out of Engle’s estate. The debt due to Baker’s estate, on account of the land purchase, was entitled to be first paid. Neither the creditors of Engle, nor did any one else, contest this debt on its priority, and nothing was said, in that suit, of the transfer of the bonds by Baker Tapscott, for the benefit of Hopkins & Brothers. Indeed, the petition which had been filed in that suit, in the name of Baker’s administrator, had been filed by their counsel, Hr. Hunter, at their instance, praying that the court might make an order in the cause, directing the payment of the money to Baker’s administrator. This being the character of the suit of The Bank v. Engle’s administrator, there was no error in the order in directing the payment of the money to Baker’s administrator, and the decree must consequently have been affirmed, if it had been appealed from by Hopkins & Bros.
The object of the injunction suit was not to correct any error which had been committed by the court in either of the suits above referred to, but it was to establish the validity of the transfer of Engle’s bonds by Baker Tapscott, by the assignment of the 17th October, 1835 — to ascertain the extent of the plaintiff’s rights to the bonds under the transfer — to be allowed to receive whatever might be found to be due to him on that account, *and in the meantime to restrain the commissioners from paying over the . money to Baker’s administrator, under the decree of the 20th February, 1845; all of which was strictly right and proper, except so far as that injunction may have interfered with the rights of Baker’s creditors.
In relation to the defence of usury, we have no hesitation in saying that that de-fence should not have been sustained by the court. The two and a half per cent, was not a premium given to Hopkins & Brother for the use of their money, nor for giving indulgence, by deferring the time of payment of the debt due to them from Baker Tapscott. It was allowed to Mr. Hunter, their counsel, as compensation for his extra trouble in collecting the debt due from Engle’s estate; and, to say the least of it, it was a'very reasonable compensation for that service.
I think, therefore, that the decree should be reversed with costs, and the injunction re-instated; but we cannot here decide on the rights of the plaintiff under the transfer of the bonds before'referred to, because the proper parties are not before the 'court. Mrs. Baker, the widow, and Samuel D. Baker, the son, who executed the paper of 16th September, 1835, authorizing B. Taps-cott to dispose of the bonds, should be made parties to the suit, and as the extent of the rights of the plaintiff cannot be ascertained until the executorship account of the personal representatives of John Baker, deceased, are settled, and the debts proved or their payment provided for, and the legatee accounts settled, it is also necessary that all the children of John Baker should be made parties, or their legal representatives.
The suit must, therefore, be remanded to the Circuit Court of Jefferson county, with directions to cause the bill to be amended, and all necessary parties brought before-the court, and then to proceed to a hearing and decision, according to the rights of the parties.
But nothing in the order re-instating the injunction should have the effect of preventing the Circuit Court *from so modifjTing the injunction as to permit the commissioners under the decree of the 20th Eebruarjr, 1845, to pay over to John Baker’s administrator so much of the fund in question as may be necessary for the payment of the debts due from John Baker’s estate.
CEOPTON, J., and TYLER, J., concurred.
The decree was as follows:
This day came the parties, by their counsel, and the court having maturely considered the transcript of the record of the decree aforesaid, and the arguments of counsel, is of opinion, that the said decree is erroneous; therefore, it is decreed and ordered, that the said decree be reversed and annulled, with costs, and that the injunction awarded the appellant on the 25th day of October, 1848, be re-instated; but the said injunction is not to have the effect of restraining the commissioners, Hunter and Berry, from paying over so much of the fund referred to in the appellant’s bill as may be actually necessary to be paid over to the administrator de bonis non, with the will annexed, of John Baker, to enable him to pay the outstanding debts, against the estate of his testator, as may ' be directed by the Circuit Court of Jefferson county, to be so paid over to him for that ' purpose. And the cause is remanded to the Circuit Court of Jefferson county, with i directions to cause the bill to be amended, I by making Mrs. Ann Baker, the widow of | John Baker, and all the children of John i Baker, deceased, parties defendants, or the I executors or administrators of such of them I as may be dead, and when the cause shall ¡ be property matured for hearing, to decide the cause according to the rights of the parties, without regard to any decision heretofore made in this or any suit referred to in the bill, answer or proceedings in this cause, which either has been made, or has been alleged to have been made, as bearing upon the questions that may arise on the hearing of this cause.